UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT


| BRETT M. JOHNSON, | : | |
|---|---|---|
| Plaintiff, | : | CASE NO. 3:19-cv-1275 (MPS) |
| v. | : | |
| JESSE GREEN, | : | |
| Defendant. | : | OCTOBER 2, 2019 |

**INITIAL REVIEW ORDER**

Plaintiff Brett M. Johnson incarcerated at the Carl Robinson Correctional Institution in Enfield, Connecticut, filed this case under 42 U.S.C. § 1983. The plaintiff names one defendant, Detective Jesse Green of the Hadley, Massachusetts Police Department. He contends that the defendant withheld exculpatory evidence and made misleading statements about the plaintiff's clothing and cars to obtain probable cause for his arrest. The plaintiff seeks damages from the defendant in his individual and official capacities.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I. Allegations

On April 27, 2017 and May 9, 2017, there were break-ins at the Dunkin Donuts in Hadley, Massachusetts. ECF No. 1. ¶ 4. The first resulted in property damage and the theft of $2,835.48. The second was thwarted by an alarm and resulted IN property damage only. *Id.* ¶ 5.

On June 1, 2017, the plaintiff was arrested in Granby, Connecticut for a series of break-ins at Dunkin Donuts shops in several Connecticut towns. *Id.* ¶ 6. Between June 2, 2017 and June 13, 2017, Defendant Detective Green learned of the plaintiff's arrest. *Id.* ¶ 7.

Detective Green obtained the police report for the plaintiff's arrest and, on June 14, 2017, drafted and filed a one-page "Statement of Facts" as a criminal complaint against the plaintiff in the Eastern Hampshire District Court in Massachusetts. *Id.* ¶ 8. The court found probable cause based on this statement and issued a summons on "two felony counts of B and E, building

2

nighttime for felony and two counts of Vandalize Property." *Id.* ¶ 9.

The plaintiff missed his court date because he was incarcerated in Connecticut. *Id.* ¶ 10. Between June 14, 2017 and August 31, 2017, a warrant was issued for the plaintiff's arrest and lodged as a detainer in Connecticut. *Id.* The plaintiff completed the necessary paperwork and, on May 7, 2019, was extradited to Massachusetts and arraigned on the four charges and remanded to the Hampshire County House of Corrections. *Id.* ¶¶ 11-12.

Prior to entry of nolle prosequi, the plaintiff learned that Detective Green withheld exculpatory evidence and made intentionally misleading statements about the plaintiff's cars and clothing to show probable cause for his arrest. *Id.* ¶ 13.

II.     Analysis

The plaintiff contends that Detective Green violated his Fifth and Fourteenth Amendment rights to due process by filing false statements against him. He contends that, as a result of the false charges, he faced, for a time, a possible sentence of 46 years in prison and was required to spend 58 days in custody in Massachusetts. The plaintiff also asserts a supplemental claim for violation of Article 10 of the Massachusetts Declaration of Rights.

Section 1391 of Title 28 of the United States Code governs venue for civil actions brought in the federal district courts. A lawsuit may be filed in a judicial district in which the defendant resides, 28 U.S.C. § 1391(b)(1), or in which a substantial part of the events or omissions giving rise to the claim occurred, 28 U.S.C. § 1391(b)(2). The plaintiff has named one defendant, a detective from Hadley, Massachusetts. He does not suggest that Detective Green lives in Connecticut. In addition, this action concerns the preparation of a statement used in a Massachusetts state criminal proceeding. The only reference to Connecticut is that Detective

Green obtained a police report from Connecticut for use in preparing his statement. Thus, the plaintiff has not alleged facts suggesting that a substantial part of the events occurred in Connecticut. The Court concludes that venue is not proper in the District of Connecticut. In addition, the plaintiff has alleged no facts suggesting that Detective Green is subject to personal jurisdiction in Connecticut.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Supreme Court and Second Circuit have held that a district court has the power to transfer a case to another judicial district, whether or not the transfer court has personal jurisdiction over the defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962) ("Nothing in th[e] language [of section 1406] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."); *Pancoast v. Lee*, 306 F. App'x 652 (2d Cir. 2009) (noting that "it [was] unclear whether the district court realized its authority, notwithstanding the absence of personal jurisdiction, to transfer the case pursuant to § 1406(a) if the interests of justice so require.") (citing *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n. 9 (2d Cir. 2000)).

The decision whether to transfer or dismiss a case pursuant to 28 U.S.C. § 1406 lies within the sound discretion of the district court judge. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435–36 (2d Cir. 2005) (citation omitted); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). "A district court may transfer a case pursuant to 28 U.S.C. § 1406 on a motion by either party or *sua sponte* on its own motion." *WorldCare Ltd. Corp. v.*

4

*World Ins. Co.*, 767 F. Supp. 2d 341, 365 (D. Conn. 2011) (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371-72 n.3 (2d Cir. 1966)).

In the interests of justice, the court deems it appropriate to exercise its statutory authority under 28 U.S.C. § 1406(a) to transfer the claims against the defendant to the United States District Court for the District of Massachusetts in light of the fact that the incident underlying this action occurred there and the plaintiff will be able to obtain personal jurisdiction over the defendant there.

III.  Conclusion

In the interests of justice, the Clerk is directed to transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1406(a) and to close the case in this court.

**SO ORDERED** this 2nd day of October 2019 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge